NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-16-KKC

RAYMOND TAYLOR                                                                               PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS                                              DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Raymond Taylor, an individual currently confined in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed another *pro se* complaint and motion to proceed *in forma pauperis*.[1]  He claims the jurisdiction of this Court under the Freedom Of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq*.  His motion to proceed as a pauper will be granted by separate Order.

The complaint is now before the Court for initial screening.  28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff seeks to review information in his Bureau of Prisons ("BOP") central file, information which has purportedly been withheld from him, despite his FOIA request.

FACTUAL ALLEGATIONS

The plaintiff submits only one handwritten, 1½-page pleading, consisting of three paragraphs.  He alleges therein that on November 23, 2004, he submitted a FOIA appeal to the U.S. Department of Justice Office of Information and Privacy, seeking to review six pages of information and two 2002 documents authored by a case manager named Cheryl Jimenez.  He claims that the desired materials are "being

---

[1]  The docket of the Court reveals that, between February of 2005 and February of 2006, Raymond Taylor has filed six civil actions, the other five being *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC; *Taylor v. United States*, 05-CV-396-DLB; *Taylor v. United States*, 05-389-KKC; *Taylor v. United States*, 06-CV-029-DLB; and *Taylor v. United States*, 06-CV-032-KKC.  The first two have been dismissed, *sua sponte*, upon screening and the remainder are awaiting screening.

maintained in the privacy section of my Central file" and the BOP has withheld them from him.  More than a year has purportedly passed without word on his appeal.  Therefore, he asks the Court to grant him permission to review this information.

<u>DISCUSSION</u>

Congress passed the Freedom of Information Act on September 6, 1966, 80 Stat. 383, now codified as amended at 5 U.S.C. §552 *et seq*., to provide public access to records compiled and created by agencies of the federal government.  The statute requires that a "requester" must make the request for specific information in accordance with 5 U.S.C. §552(a)(1)-(3), have the request refused by the agency, and exhaust any administrative appeal procedures with the agency before proceeding to federal court.

Attendant FOIA case law supports dismissal of an action if the administrative remedies promulgated by the agency are not exhausted.  *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986).  *See also Glazebrook v. Inmate Grievance Procedure Records Administrator*, 60 F.3d 821 (4th Cir. 1995) (unpublished);  *Fish v. Internal Revenue Service* 2001 WL 505307 (E.D. Cal.  2002) (citing opinions from the Third, Fifth, Ninth, Eleventh and D.C. Circuits, all holding that failure to exhaust operates as a bar to judicial review); *Mittleman v. U.S. Treasury*, 773 F.Supp. 442 (D.D.C. 1991);.

Pursuant to the authority granted in 5 U.S.C. §552(a), the BOP has promulgated regulations to effectuate the statute and set out its administrative remedy procedures.  *See* 28 C.F.R. §§513.61 through 513.68.  Under these regulations, when the BOP denies a FOIA request, it must inform the requester in writing and advise him or her of the right to an administrative appeal if he or she is dissatisfied with the agency's initial response.  28 C.F.R. §513.66.  The regulation directs that the requester send a "letter of appeal" to the "Office of Information and Privacy, U.S. Department of Justice, Suite 570, Flag Building, Washington D.C. 20530," with both the envelope and the letter of appeal "clearly marked:  'Freedom of Information Act Appeal.'"  *Id.*

Additionally, 28 C.F.R. §513.61, <u>Freedom of Information Act Requests by Inmates</u>, as its name

2

reveals, was promulgated specifically for inmates' requests.  It begins, "Inmates are encouraged to use the simple access procedures described in §513.40 to review disclosable records maintained in his or her Inmate Central File."  28 C.F.R. §513.61(a).  The regulation found at the referenced §513.40, <u>Inmate Access to Inmate Central File</u>, in turn, starts similarly, "Inmates are encouraged to use the simple access procedures described in this section to review disclosable records maintained in his or her Inmate Central File, rather than the FOIA procedures described in §§513.60 through 513.68 of this subpart."  28 C.F.R. §513.40.  This regulation then sets out the procedures an inmate is to use to review his Inmate Central File at his place of imprisonment, and  it ends with the provision that if any documents in her or his Central File are withheld from the inmate, staff "shall advise the inmate of the inmate's right under the provisions of §513.61 to make a FOIA request for the withheld documents."  28 C.F.R. §513.40(b)(3).

In the case *sub judice*, the plaintiff has alleged that he "submitted an [sic] Freedom of Information Act Appeal to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington D.C. 20530," an almost verbatim recitation of 28 C.F.R. §513.66, as set out above.  However, the plaintiff has not alleged exhaustion in conformity with the FOIA statute and regulations; nor has he submitted any evidence of having complied with the FOIA administrative process to exhaustion with regard to the information he seeks herein.  Is the plaintiff's recitation of an address to which he purportedly sent an appeal a sufficient demonstration of exhaustion for this Court to proceed to review his claim?  The Court thinks not.

The instant plaintiff has supplied neither a copy of the request he made, nor the BOP's response. In fact, there is no information as to what he requested of the BOP or to what extent the BOP responded or what reason the BOP gave for withholding the records which he seeks herein.  The end result is that the plaintiff  has supplied no administrative record for the Court to review or for the Court even to determine that he satisfied the pre-filing condition of having exhausted the matter administratively.

The Court agrees with those courts which have held that the plaintiff must "present proof that he or

3

she has exhausted all administrative remedies" in order to proceed further. *Fish*, 2001 WL 505307, at *2 (citing *Hedley v. United States*, 594 F.2d 1043, 1944 (5th Cir. 1979)); see also *Olsen v. U.S. Dep't of Transp. Federal Transit Admin.*, 2002 WL 31738794 at *2 (N.D.Cal. 2002) (unreported).  The Court finds that the instant plaintiff has failed to present any proof that he exhausted any of the BOP's administrative remedies and will dismiss this action, without prejudice, on the exhaustion issue.

This result is in conformity with other law regarding other administrative remedy schemes.  The BOP has a separate inmate administrative remedy system for grievances, found at 28 C.F.R. §§542.10-.19 (1998), which also requires the prisoner to exhaust the administrative remedies therein, through three levels of appeal, prior to filing a lawsuit in federal court.  In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress legislated as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of the filing of the action, *i.e.*, a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity.  *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998).  Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Dismissal of the instant case for failure to attach copies of or provide detailed description of the administrative FOIA documents exchanged is consistent with the foregoing decisions.  The same result in this case is also consistent with old, pre-PLRA, law whereby exhaustion of administrative remedies has long

4

been a judicial pre-condition to certain filings in federal courts, including FOIA claims.  The judicially imposed exhaustion requirements may be waived, but the instant plaintiff has asserted no grounds therefor.  There is no reason shown in the instant record that the exhaustion requirement should be excused.

The federal courts have noted that there are several reasons for the exhaustion requirement in addition to providing a record for the courts' review.  As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

The same policies underlie the exhaustion requirement for FOIA requests.  The D.C. Circuit has written that in addition to preparing a record, the exhaustion requirement is "so that the agency has an opportunity to exercise its discretion and expertise on the matter."  *Oglesby*, 920 F.2d at 61.  The instant plaintiff's sparse complaint, with no information regarding the goings-on in the FOIA administrative remedy system, "frustrates the policies underlying the [FOIA] exhaustion requirement."  *Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C.Cir.  2003).

Therefore, the instant cause of action will be dismissed for the instant plaintiff's failure to demonstrate exhaustion, which is the equivalent to "failure to state a claim upon which relief can be granted."  *Id.*  The dismissal will be without prejudice to the plaintiff's re-filing with a demonstration that he exhausted the FOIA administrative remedy system.  In the words of the Fourth Circuit, "[I]f Appellant refiles his action, he should provide to the district court copies of all documentation relating to his FOIA requests so that the district court may determine whether Appellant has actually or constructively exhausted his administrative remedies."  *Glazebrook*, 60 F.3d 821, at *1.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that the instant cause of action be **DISMISSED**, *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii); and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Federal Bureau of Prisons.

Dated this 30th day of March, 2006.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**